GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600   FAX (907) 283-2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RONALD OERTWICH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **TRADITIONAL VILLAGE OF TOGIAK** ) <br> (a/k/a NATIVE VILLAGE OF TOGIAK, ) <br> a/k/a ) <br> TRADITIONAL COUNCIL OF TOGIAK, ) <br> a/k/a COMMUNITY OF TOGIAK); ) <br> **STATE OF ALASKA** ) <br> **DEPARTMENT OF PUBLIC SAFETY**; ) <br> **CITY OF TOGIAK**; ) <br> **JIMMY COOPCHIAK**, in his individual ) <br> and official capacity; **TEODORO PAUK**, ) <br> in his individual and official capacities; ) <br> **LEROY NANALOOK**, in his individual ) <br> and official capacity; ) <br> **ROGER WASSILLIE**, in his individual ) <br> and official capacity; **ANECIA KRITZ**, in ) <br> her individual and official capacity; ) <br> **ESTHER THOMPSON**, ) <br> in her individual and official capacity; ) <br> **JOHN NICK**, in his individual and official ) <br> capacity; **WILLIE WASSILLIE**, in his ) <br> individual and official capacity; ) <br> **HERBERT LOCKUK JR.**, in his ) <br> individual and official capacity; ) <br> **WILLIE ECHUCK JR.**, in his ) <br> individual and official capacity; ) <br> **CRAIG LOGUSAK**, in his individual and ) <br> official capacity; **PAUL MARKOFF**; ) <br> **PETER LOCKUK SR.**; ) <br> **BOBBY COOPCHIAK**. ) <br> ) <br> Defendants. ) | Case No.: |

COMPLAINT AND JURY DEMAND 1

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND SUPPLEMENTAL CLAIMS

### JURY REQUESTED

Plaintiff Ronald Oertwich alleges:

### A. JURISDICTION AND VENUE

1. This case presents a federal question under 28 U.S.C. §§ 1331 and 1343 as to whether federally recognized tribes have authority to banish non-Indians from non-tribal lands.

2. This case involves protections afforded by the Indian Civil Rights Act of 1968, 25 U.S.C. § 1303, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Civil Rights Act of 1964, 42 U.S.C. § 2000.

3. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

5. Venue is proper in the District of Alaska because the events giving rise to this case occurred in this District, per 28 U.S.C. § 1391.

### B. PARTIES

6. Ronald Oertwich ("Oertwich") is a 75-year-old former resident of Togiak, Alaska, where he lived for more than 30 years. He made his living operating the Airport Inn, providing lodging services. Oertwich now resides in Oregon after he was banished from Togiak in 2017. Oertwich is not Indian, Native American or an Alaska Native.

7. The Traditional Village of Togiak ("TVT") is one of the 229 federally-recognized tribes in Alaska. The TVT has approximately 800 members, who are predominantly indigenous

Yupik people. It is governed by a Traditional Council elected by tribal members. The tribe operates a police force and a tribal court system.

8. The State of Alaska is a state of the United States. Its government operates the Alaska Department of Public Safety ("DPS"), which operates both the Alaska State Troopers ("AST") and the Village Public Safety Officer ("VPSO") Program. The Alaska State Troopers provide law enforcement throughout Alaska, including Togiak. The VPSO Program provides limited public safety services to rural Alaska communities.

9. The City of Togiak is a political and geographic subdivision in the state of Alaska. It is a second-class city, incorporated in 1969. It is located at the head of Togiak Bay, 67 miles west of Dillingham, Alaska. It is approximately 225 square miles in size and has a population of approximately 800 people. The city provides municipal services including a city police force and a city jail.

10. Jimmy Coopchiak is a tribal member of the TVT and Traditional Council President.

11. Teodoro Pauk is a tribal member of the TVT and Traditional Council Vice President. He was also Mayor of the City of Togiak during the events at issue in this case.

12. Leroy Nanalook is a tribal member of the TVT and an officer of the TVT Tribal Police.

13. Roger Wassillie is a tribal member of the TVT and a VPSO for the City of Togiak.

14. Anecia Kritz is a tribal member of the TVT and a Traditional Council judge.

15. Esther Thompson is a tribal member of the TVT and Traditional Council judge.

16. John Nick is a tribal member of the TVT and Traditional Council judge.

17. Willie Wassillie is a tribal member of the TVT and Traditional Council judge.

18. Herbert Lockuk Jr. is a tribal member of the TVT and Traditional Council judge.

19. Willie Echuck Jr. is a tribal member of the TVT and a City of Togiak jailor.

20. Craig Logusak is a tribal member of the TVT and a City of Togiak jailor.

21. Paul Markoff is a tribal member of the TVT.

22. Peter Lockuk Sr. is a tribal member of the TVT.

23. Bobby Coopchiak is a tribal member of the TVT.

## C. STATEMENT OF RELEVANT FACTS

### FACTS REGARDING DEFENDANTS TRADITIONAL VILLAGE OF TOGIAK AND ITS OFFICIALS AND MEMBERS

24. The "Traditional Village of Togiak" is an Alaska Native Tribe but is not a geographic subdivision of Alaska.

25. TVT members primarily live in and around the City of Togiak, which is not Indian Country, as defined in 18 U.S.C. § 1151.

26. Some Indian Country townsite or allotment land may exist in or around the City of Togiak, but none of the events relevant to this case occurred within Indian Country.

27. Since 2006, the U.S. Department of Justice ("USDOJ") has awarded the TVT at least $2,262,320 in grants intended to develop its tribal court, juvenile justice programs and police force. Most recently, in 2016 the USDOJ granted the TVT $750,000 to improve its tribal justice system.

28. The TVT's acceptance of these USDOJ grants was conditioned upon agreeing that the TVT would comply with federal law, including the Indian Civil Rights Act and the Civil Rights Act of 1964.

29. On or about January 24, 2017 Togiak VPSO Roger Wassillie allegedly told TVT Tribal Police officer Leroy Nanalook of a suspicious tote addressed to Oertwich, which had arrived in Togiak via Everts Air Cargo.

30. Ofc. Nanalook entered the Everts Air Cargo hangar and opened the tote, which allegedly contained bottles of alcohol. Ofc. Nanlook seized the tote and contents.

31. On or about March 27, 2017 the Togiak Tribal Court issued a "Togiak Community Order to Banish" stating [*sic*] "The Community Members of the Native Village of Togiak determined Ronald Oertwich guilty of possession of prohibited controlled substances, and **Hereby Orders** permanent banishment from the Native Village of Togiak Tribe according to Togiak Tribal Code Chapter 6-2-G…"

32. The Togiak Tribal Court "Order to Banish" was dated March 27, 2017, signed by five Tribal Court judges: Defendants Anecia Kritz, Esther Thompson, John Nick, Willie Wassillie, and Herbert Lockuk Jr. Each judge's signature was dated March 29, 2017.

33. On or about March 27, 2017 Ofc. Nanalook and Willie Echuck Jr. confronted Oertwich and told him he was getting on the next airplane out of town. The two men escorted Oertwich to his home, where he had only a few minutes to gather some personal property. Ofc. Nanalook and Willie Echuck Jr. then escorted Oertwich to the Togiak airport and put him onto a plane to Dillingham.

34. Oertwich returned to Togiak the following day, on or about March 28, 2017. He encountered Ofc. Nanalook and VPSO Wassillie as he tried to return to his home. Ofc. Nanclook and VPSO Wassillie arrested Oertwich and placed him in the back of a Togiak Tribal Police

vehicle. Ofc. Nanalook then drove Oertwich to the City of Togiak jail and placed him in a locked jail cell.

35. While Oertwich was in custody at the City of Togiak jail, VPSO Wassillie seized the personal property Oertwich had returned to Togiak with. None of that property has been returned.

36. Oertwich was held by force in the City of Togiak jail cell until on or about April 3, 2017. During this period, Willie Echuck Jr., Craig Logusak and other TVT members acted as his jailors, restricting his access to food, his insulin, basic hygiene and communication.

37. While Oertwich was imprisoned for six days, Ofc. Nanalook entered his home without permission and seized items of personal property.

38. On or about April 3, 2017, Ofc. Nanalook, Jimmy Coopchiak, Bobby Coopchiak, Herbert Lockuk Jr. and Paul Markoff tackled Oertwich, pinned him down on the floor of the jail cell, cuffed his hands behind his back, and bound his legs with duct tape.

39. Ofc. Nanalook, Jimmy Coopchiak, Bobby Coopchiak, Herbert Lockuk Jr. and Paul Markoff carried Oertwich out of the City of Togiak jail, placed him a Tribal Police vehicle and drove him to the Togiak airport.

40. Upon arrival at the Togiak airport, Ofc. Nanalook, Peter Lockuk Sr. and Paul Markoff carried Oertwich from the police car and put him onto a Grant Aviation airplane to Dillingham.

41. Oertwich believes he would be in danger if he attempted to reside in Togiak again. He has resided in Oregon since April 2017.

42. As a direct result of the actions of the TVT and its official and members, Oertwich incurred pain and suffering, mental anguish, and the loss of his home, livelihood and community.

## FACTS REGARDING DEFENDANT CITY OF TOGIAK

43. After Oertwich was imprisoned by the TVT at the City of Togiak jail, city Mayor Teodoro Pauk and other city officials were aware that the TVT was using the city jail to imprison a non-Indian, non-Alaska Native, non-TVT member for an alleged violation of TVT tribal law.

44. Despite knowing its jail was being used to imprison Oertwich, the City of Togiak permitted the TVT to continue using its jail to incarcerate him.

45. As a direct result of the actions of the City of Togiak, Oertwich incurred pain and suffering and mental anguish.

## FACTS REGARDING DEFENDANT STATE OF ALASKA

46. All acts by VPSO Roger Wassillie were committed while he served as a law enforcement officer of state of Alaska law.

47. On or about March 27, 2017 Oertwich called AST "to report the Togiak Tribal Council had banished him and were in the process of making him leave at the time of the call." He was "advised AST does not get involved in tribal banishments." AST provided no aid to Oertwich.

48. On or about March 28, 2017 Oertwich's former attorney contacted AST to report that the TVT was illegally detaining Oertwich at the City of Togiak jail, that he was "not allowed to take his meds," and had "been assaulted by jail personnel and is being mistreated." AST provided no aid to Oertwich.

49. On or about March 28, 2017 AST consulted "with DPS Legal Counsel [John] Novak" then "advised [Oertwich's attorney] of options to file a motion with Togiak Tribal Court, or file a Civil Rights complaint with the FBI. AST is not involved in this case." AST provided no aid to Oertwich.

50. On or about March 30, 2017 AST spoke directly with Ofc. Nanalook, who admitted Oertwich was "in custody for a banishment trespass." AST provided no aid to Oertwich.

51. As a direct result of the State of Alaska's acts and omissions, Oertwich incurred pain and suffering, mental anguish, and the loss of his home, livelihood and community.

### D. CAUSES OF ACTION

#### COUNT I
#### (*ULTRA VIRES* ACTS BY TVT AND ITS OFFICIALS AND MEMBERS)

52. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

53. The TVT is a domestic dependent nation and does not possess any legal authority other than that provided by Congress.

54. The arrest, detention and banishment of Oertwich were beyond any legal authority given to the TVT by Congress.

55. These *ultra vires* acts by the TVT subject it to declaratory and injunctive relief.

#### COUNT II
#### (VIOLATION OF INDIAN CIVIL RIGHTS ACT BY TVT AND ITS OFFICIALS AND MEMBERS)

56. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

57. The search and seizure of Oertwich's property and his and his subjection to TVT tribal court jurisdiction, arrest, imprisonment and banishment were violations of his civil rights under the Indian Civil Rights Act.

58. As a result of these violations of his civil rights Oertwich suffered damages.

**COUNT III**
**(VIOLATION OF CIVIL RIGHTS ACT**
**BY TVT AND ITS OFFICIALS AND MEMBERS)**

59. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

60. The search and seizure of Oertwich's property and his subjection to TVT tribal court jurisdiction, arrest, imprisonment and banishment were violations of his civil rights under the United State Constitution.

61. As a result of these violations of the Civil Rights Act Oertwich suffered damages.

**COUNT IV**
**(FALSE IMPRISONMENT BY TVT AND ITS OFFICIALS AND MEMBERS)**

62. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

63. The TVT and its officials and members knew or should have known they had no lawful basis to arrest Oertwich or confine him in the City of Togiak jail.

64. As a result of his false arrest and imprisonment Oertwich suffered damages.

**COUNT V**
**(BATTERY BY TVT AND ITS OFFICIALS AND MEMBERS)**

65. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600   FAX (907) 283-2009

66. The TVT and its officials and members caused injury to Oertwich when they tackled him in the jail cell, bound him and forcibly put him onto an airplane.

67. As a result of this battery Oertwich suffered damages.

### COUNT VI
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY TVT AND ITS OFFICIALS AND MEMBERS)

68. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

69. The TVT and its officials and members intended to cause emotion injury to Oertwich when they unlawfully arrested, imprisoned and banished him from his home, livelihood and community.

70. As a result of this intentional infliction of emotional distress Oertwich suffered damages.

### COUNT VII
### (FALSE IMPRISONMENT BY CITY OF TOGIAK)

71. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

72. The City of Togiak knew or should have known it had no lawful basis to permit the TVT to imprison Oertwich in the City of Togiak jail.

73. As a result of his false imprisonment Oertwich suffered damages.

### COUNT VIII
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY CITY OF TOGIAK)

74. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

75. The City of Togiak negligently caused emotional injury to Oertwich when it permitted the TVT to unlawfully imprison him in its jail for six days.

76. As a result of this negligent infliction of emotional distress Oertwich suffered damages.

## COUNT IX
## (FAILURE TO RENDER AID
## BY THE STATE OF ALASKA)

77. Oertwich realleges and incorporates by reference each of the foregoing paragraphs.

78. The State of Alaska had a duty to provide police assistance to a person who had reportedly been unlawfully imprisoned and was being held in unsafe conditions.

79. The State of Alaska's erroneous belief that this was a tribal matter was an unreasonable mistake and did not excuse its duty to render aid to Oertwich.

80. As a result of the State of Alaska's failure to render aid to Oertwich he suffered damages.

### E. REQUEST FOR RELIEF

Plaintiff incorporates the preceding paragraphs by reference herein.

WHEREFORE, Plaintiff Ronald Oertwich seeks the following relief:

I. A declaration from this Court that the TVT and its officials and members have no past, present or future power to assert tribal jurisdiction over Oertwich, nor any authority to search or seize his property, arrest or imprison him, or banish him from the City of Togiak;

II. Injunctive relief sufficient to protect Oertwich from any future search or seizure of property, arrest, imprisonment or banishment by the TVT;

III. Actual and compensatory damages sufficient to make him whole;

IV. Punitive damages against Defendants sufficient to punish them and to deter further wrongdoing;

V. Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and

VI. Such other and further relief as the Court deems just and proper.

DATED THIS 26th DAY of MARCH, 2019

By: _____
Gilman & Pevehouse
130 South Willow Street, #3
Kenai, Alaska 99611
(907) 283-2600

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 3
KENAI, ALASKA 99611
PHONE (907) 283-2600   FAX (907) 283-2009